UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MELANIE MILASINOVICH,　　　　　　　　　　　　No. 11-13-12294 TA

　　　　Debtor.

## **MEMORANDUM OPINION**

In June 2012 a New Mexico state district court entered an *in rem* judgment against the debtor Melanie Milasinovich, foreclosing her interest in a Santa Fe house.[1] The House was sold at public auction by the appointed special master, who conveyed it to the foreclosing plaintiff. Federal National Mortgage Association ("Movant"), the subsequent owner of the House, was substituted as the plaintiff in the foreclosure action and obtained a writ of assistance to remove the Debtor from the House. The Debtor filed this Chapter 11 case before the eviction could occur.

On October 31, 2013, Movant filed a stay relief motion,[2] to which the Debtor objected.[3] The Court held a preliminary hearing on the Motion on January 27, 2014, and a final hearing on February 12, 2014. For the reasons set forth below the Court concludes that the Motion should be granted.

---

[1] The house's street address is 422 Mission Road, Santa Fe, NM (the "House").
[2] Motion for Relief from Automatic Stay and to Allow Possession of the Property, doc. 29 ("Stay Motion").
[3] Response, Notice and Memorandum for Objection to Motion for Relief From Stay (Trial by Jury Demanded), filed November 25, 2013, doc. 31 (the "Objection").

I.     Facts

The Court finds the following facts from the evidence presented at the final hearing[4] and by taking judicial notice of the Court's docket:[5]

1. The Debtor and Susan E. Jacques ("Jacques") purchased the House as joint tenants on or about October 2005.

2. Debtor and Jacques financed a portion of the purchase price with a loan of $412,000 from Lehman Brothers Bank, FSB. The loan was secured by a mortgage on the House.

3. In 2009 the note and mortgage evidencing the loan were assigned to Aurora Loan Services, LLC ("Aurora"), which then filed a foreclosure action against the Debtor and Jacques in the First Judicial District Court, Santa Fe County, New Mexico, commencing *Aurora Loan Services, LLC v. Melanie Melasinovich, et al.,* cause no. D-0101-CV-2009-04076 (the "Foreclosure Action").

4. The Debtor filed a Chapter 7 bankruptcy case in this Court on June 7, 2010, no. 7-10-12868-SS. A discharge was entered and the case was closed September 21, 2010.[6]

5. On June 25, 2012, the State Court entered a *Judgment (In Rem) (No Deficiency) of Foreclosure & order of Sale [sms]* in the Foreclosure Action. The judgment foreclosed

---

[4] Movant introduced eight exhibits into evidence. Prior to the final hearing the Debtor had submitted 26 exhibits to the Court and Movant's counsel; the Court allowed all the Debtor's exhibits into evidence despite the Debtor's failure to appear.

[5] For the Court's authority to take judicial notice of the docket, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.,* 196 F.3d 1, 8 (1st Cir.1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade,* 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

[6] Jacques also filed a Chapter 7 bankruptcy case in 2010, no. 7-10-12869-JS.

Debtor's and Jacques' interest in the House and ordered the House sold by a special master at a public auction.

6. The appointed special master conducted a public sale on July 30, 2012. Aurora was the successful bidder at the sale and purchased the House.[7]

7. On August 30, 2012, an order approving the special master's sale to Aurora was entered in the Foreclosure Action.

8. Aurora received and recorded the special master's deed to the House on August 30, 2012.

9. Aurora conveyed the House to Nationstar Mortgage, LLC, which in turn conveyed the House to Movant. Both deeds were recorded November 9, 2012.

10. Movant is the owner of the House.

11. Movant was substituted as the plaintiff in the Foreclosure Action, and on June 14, 2013, obtained a *Writ of Assistance in Favor of Purchaser of Mortgaged Premises at Special Master's Sale* (the "Writ of Assistance").

12. The Debtor filed this Chapter 11 case on July 9, 2013, before the Writ of Assistance was executed by the Santa Fe County Sheriff.

13. Movant filed the Motion on October 31, 2014. The Debtor filed its Objection on November 25, 2013.

14. The Debtor filed the following documents in this bankruptcy case within three weeks of the final hearing on the Motion:

---

[7] The Debtor was the high bidder at the foreclosure sale but failed to pay the purchase price, despite two demands to do so. Aurora was the next highest bidder and this bid was accepted by the special master.

| Document Title | Filing Date | Doc. # |
|---|---|---|
| | | |
| Emergent Notice of Motion and Motion to Vacate January 27, 2014 Hearing | 1/21/14 | 36 |
| Certificate of service of Praecipe and Judgment for Rule violation | 1/22/14 | 39 |
| Notice of Motion and Motion exparte (sua sponte) | 1/23/14 | 40 |
| List of Exhibits | 1/27/14 | 43 |
| Special Master Appointment (Now for Then) | 1/27/14 | 44 |
| Notice for [Re]Moval/Withdrawal (ex parte) | 1/27/14 | 45 |
| Notice Subpoena Duc'es Tecum | 1/27/14 | 46 |
| Notice As to Declared Intent | 1/31/14 | 51 |
| Notice for Interlocutory Appeal and Leave not pros. | 2/3/14 | 52 |
| Ex Parte in Limine Notice and Motion to Recuse 1-088.1, Article 6 NM, 28 USCS Sec. 455 (sua sponte) | 2/5/14 | 56 |
| Ex Parte Brief in Support of in Limine Motion to Recuse 1-088.1, Article 6 NM (sua sponte) | 2/5/14 | 57 |
| Peremptory Election to Excuse 1-088.1, Article 6 NM | 2/5/14 | 58 |
| Notice for Exception, Rule 10, Rule 7(a) designation, Status Quo | 2/5/14 | 59 |
| Notice and Order by Equity for 26 USC § 673 | 2/5/14 | 60 |
| Notice for First Entry Witness List | 2/5/14 | 61 |
| Final Notice of Deadline for Filing Objections to Praecipe for Default and Remainderman Control for 422 Mission Road, Santa Fe, 87501 | 2/6/14 | 62 |
| 3rd Notice for Removal | 2/7/14 | 66 |
| Correspondence regarding Notice for Removal | 2/7/14 | 67 |
| De Recto Restraining Order-Estoppel to Motion for Relief From Stay | 2/7/14 | 68 |
| Letter to Clerk of Court regarding Final Praecipe | 2/7/14 | 69 |
| Notice of Docket Activity (10th Circuit Bankruptcy Appellate Panel) | 2/10/14 | 72 |
| Notice for Service, Entry for Exhibits and Waiver for Time | 2/10/14 | 74 |
| Administrative Notice and Demand for Identification and Credentials Quo Warranto | 2/11/14 | 79 |

15. The Debtor submitted the following exhibits for the final hearing, some of which are copies of documents filed in the bankruptcy case:

| Document Title | Ex. |
|---|---|
| | |
| Miscellaneous correspondence between the Clerk's office and the Debtor | AA |
| Motion Set Date for Proof of Claims (Jury Trial Demanded), with other filed and unfiled motions, objections, and briefs | B |
| Notice for First Entry Witness List | C |
| Information for New Mexico Secretary of State regarding various corporations | D |
| Intervene Notice | E |
| Notion of Deadline for Filing Objections to Motion for Relief From Stay, and Motion for Relief From Stay | F |

| Copy of Bankruptcy Rule 3003 | G |
| --- | --- |
| Order Denying Debtor's Emergent Notice, etc. | H |
| 2012 Annual Summary and Transmittal or U.S. Information Returns | I |
| Receipt for filing fees for motion for Removal and Interlocutory Appeal | J |
| Notice as to Declared Intent | K |
| Notice for Lis Pendens | L |
| Special Master Appointment (Now for Then) | M |
| List of Debtor Assets and Liabilities and various bankruptcy schedules | N |
| Case Docket | O |
| Notice and Order by Equity and other court filings | P |
| Notice for Interlocutory Appeal | Q |
| Notice for [Re]Moval/Withdrawal | R |
| Notice Subpoena Du'ces Tecum | S |
| Transcript of Preliminary Hearing on Stay Relief Motion | T |
| Release signed by the Debtor | U |
| Ex Parte In Limine Notice and Motion to Recuse 1-088.1 | V |
| Writ, Notice for Lawful Bill of Lading as Letter of Undertaking and International Bill of Exchange | W |
| Transcript of conversations between Debtor and U.S. Trustee's office officials | X |
| Praecipe for Default | Y |
| Peremptory Election to Excuse | Z |

      16.    Many of the documents the Debtor filed in recent weeks are incomprehensible.[8]

Included among the documents are the following excerpts:

> Special Master Appointment, Now for Then; Whereas: Know ye by these presents that on this day twenty five January the year two thousand fourteen a gentleman and chancellor held in the highest esteem commonly known as **amicus curiae** and uncommonly referred to as amicus, received the appointment as special master for case number 11-13-1224tA and all matters relating to said instant case; and
>
> Special master endowed with all liberty, duty and ability to discharge official duties, overstand the Office for Judge and Office for Clerk in aforementioned matters; and
>
> The special master has lawful venue and jurisdiction that includes protection for the estate "sacred way", a.k.a. Melanie Anna Milasinovich, the property, goods,

---

[8] While Court is aware that pro se filings should be construed liberally, there are limits. *See, e.g., Banks v. Doe*, 523 Fed. Appx. 503, 505 (10th Cir. 2013) (unpublished) ("Our liberal construction of pro se filings does not authorize the court to assume the role of advocate. Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). In this case many of the filings cannot be deciphered. The only coherent argument the Court has been able to glean from the Debtor's filings is that she is not happy with the results of the Foreclosure Action. That argument is discussed below.

fixtures, addresses and accounts so related or attached . . .13-1224tA against all encumbrances as including but not limited to the following:\;

One: Make sure matters do not get out of hand; and

Two: View the Judges Oath in chambers displayed in plain view (not hidden in a file or drawer); and

Three: Contract the Office for Judge and Oath given by David T. Thurma to uphold and protect the Estate and all assets for said estate; and

Four: Form instant ad hoc rules, assembly or committee as needed to protect estate assets; and

Five: Gain access to all records from any public official, trustee, public civil servant, private bank upon verbal or written request for command for said public or private person to immediately provide information to the Special Master; and

Six: Command the Judge recuse him/her self; and

Seven: Command the bailiff, sheriff or marshal as the Special Master deems necessary to uphold and protect the Occupant for Special Masters Office.[9]

\* \* \*

**NOTICE!!! The aforementioned, hereinabove words are presumed to be a private communication to all those acting in a public forum against the private estate equity. All liberties are reserved by and for the equity. Additionally, the status quo for Melanie as the equity did not and has not changed by presenting words in a form or formulae similar to the Federal Court. All letters and words are presented without prejudice therefore and thereby keeping her private usufruct intact as merging with the accounts now held by united states bureau of fiscal services a.k.a. bureau of public debt a recent bankruptcy entity as shown by the restart for the federal government ending a fiscal 2013 insolvent receivership. All presumed debt reverts back to the source state as now recouped by the equity for offset against public insurance by 26 USC § 673 – Reversionary interests.[10]**

\* \* \*

The secured party MELANIE MILASINOVICE ESTATE states with extreme prejudice office for judge has been excluded, excused, the cause no: No: 13-12294-t11 and No: 13-12294-TA has moved; and

---

[9] Special Master Appointment, doc. 44, p. 1.
[10] Brief and Memorandum Supporting Notice for Interlocutory Appeal and Leave non pros., doc. 52-1, p. 4.

The office for Judge, office for agent and persons supporting said offices are responsible to the secured party for causing duress, violation for their individual and separate Oath of Office, Oath for professional conduct; and

Presentment for herein stated witness list as Exhibit "D" is INCLUDED by separate entry named therein as Entry for Exhibit List as attachment hereto. Persons viewing said list must view the Exhibit "D" as a partial but important list for Persons required to be deposed prior to the court proceeding with the instant case. The list is hereby filed Tuesday, February 4, 2014 by USPS 7012 0470 0001 5979 9380[11]

* * *

De Recto, Restraining Order-Estoppel to Motion for Relief from Stay as Registered Bonded Warranted Claim and Order; Whereas: The Sacred Way stands without debt; and [The 3638323 is 492114 Not 187164 That 503295] Entails without claim per 13-12294-TA trailing.[12]

* * *

Conclusion: STRONG ARM for public servants to cease and desist!!! Melanie has been absoled[1]. She is the Equity. Even the Pope cannot save you. The ssn and zip you use has a zero percent certificate of indebtedness!!![2] The Lis pendens and private estate holds all assets on trust special deposit number RE 017 699 808 US.[13]

* * *

Law: Conclusions and Findings by hereditaments, bloodlines and tenements.

The **Judge David T. Thuma is fired!!!:** Bankruptcy court Main article: United States bankruptcy court in Northern Pipeline Co. v. Marathon Pipe Line Co., the United States Supreme Court held that certain provisions of the law relating to Article I bankruptcy judges (who are not life-tenured "Article III" judges) are unconstitutional; and
/s/ _____, a nude actor displaying her usufruct and private parts on Marcy Street using a disguise registrat CT CORP residing at Modrall Sperling without shame which is a misdemeanor!!! (she does so almost daily – unbelievable) **_____ is Fired!!!**[14]

Your failure, refusal, and/or neglect to fully and timely comply will set, for the record, as ultimate fact(s) that you have **failed to qualify** for the office and

---

[11] Notice for First Entry, doc. 61, p. 1.
[12] De Recto, doc. 68, p. 1.
[13] De Recto, doc. 68, p. 2
[14] De Recto, p. 2. The Court redacted the name mentioned in the second paragraph, due to the scandalous (and obviously false) allegations.

-7-

therefore are acting without lawful authority, office, and/or capacity as an officer, official, or agent for any original jurisdiction not-corporate governmental "State of New Mexico" pursuant to the New Mexico/TX Constitution, Anno Domini 1912 to conduct public business to approach presentor.

It is presumed and/or assumed that it is your sworn/affirmed duty and fiduciary obligation to provide the above information, in a timely and truthful manner. Please be aware of what the federal courts have held in *U.S. v. Tweed,* 550 F.2d 297, 299 (1977). **"Silence can only be equated with fraud** where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading . . . ."[15]

17. The Debtor did not appear at the final hearing on the Motion. Instead, an acquaintance called "JJ," who styles himself "chancellor" and/or "Attornatus privatus,"[16] appeared and sought to argue against the Motion on the Debtor's behalf. JJ admitted he is not licensed to practice law. The Court ruled that he could not appear for the Debtor or argue her position because doing so would be engaging in the unauthorized practice of law and in violation of Rule 9010 Fed. R. Bankr. P. and New Mexico criminal statutes.[17]

18. The Debtor has possession of the House and some of Debtor's personal property is in the House.

---

[15] Administrative Notice and Demand for Identification and Credentials Quo Warranto, doc. 79, p. 2.
[16] Notice for Appearance, doc. 81, p. 1.
[17] The Court learned the day *after* the hearing that, 11 minutes before the final hearing was scheduled to begin, the Debtor (presumably acting through JJ) filed document 81, entitled Notice for Appearance. Attached is a document entitled "For Declaration for Extra Ordinary Circumstance," which states the Debtor was unable to attend the final hearing due to a medical emergency. The Declaration is dated February 8, 2014, but elsewhere states that the "date of mail" is Tuesday, February 11, 2014. Attached to the Declaration is a hand-written note from a dentist, dated February 12, 2014, alleging that he received a call from the Debtor on February 11, 2014, complaining of diarrhea and vomiting. Given the strange dates and the timing of the alleged medical emergency, the Court is skeptical of the facts alleged in the Declaration and attachment. In any event, the matter was not brought to the Court's attention before or at the time of the final hearing. At a minimum, the Debtor should have called the Court's chambers and notified the Court that she was not planning to appear because she was ill.

19. The Debtor's Monthly Operating Reports show insufficient income (apart from income generated by the House)[18] to pay living expenses.

## II. The House is Not Property of the Estate.

Despite the Debtor's assertions to the contrary in her Objection, the evidence shows that the Debtor does not own the House. Rather, in August 2012, title to the House was conveyed to Aurora, and subsequently to Movant. Once the state court entered its order approving the special master's report and confirming foreclosure sale (August 30, 2012), the Debtor lost all interest in the House except for a 60-day right of redemption. *See, e.g. Plaza Nat. Bank v. Valdez,* 745 P.2d 372, 373 (N.M. 1987) (title to foreclosed property transfers upon entry of order approving special master's sale); *U.S. Bank Nat. Ass'n v. Martinez,* 81 P.3d 608, 609 (N.M. Ct. App. 2003) (redemption period begins to run upon entry of order approving special master's sale); § 39-5-18(E) NMSA 1978 ("Date of sale" for redemption means the date the district court order confirming the special master's report is entered). The redemption period expired October 29, 2012. The House is not property of the Debtor's bankruptcy estate.

If, as implied by the Objection, the Debtor believes that the state court foreclosure judgment was wrongfully entered, she must seek relief from the state court. The *Rooker-Feldman* doctrine prevents the Court from granting relief to Debtor based on alleged problems with the foreclosure judgment. *See, e.g., In re Staker,* 525 Fed. Appx. 811, 814 (unpublished) (10th Cir. 2013), citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (characterizing the *Rooker-Feldman* doctrine as prohibiting "state-court losers" from bringing suit in federal court "complaining of injuries caused by state court judgments rendered before

---

[18] Debtor's monthly operating reports indicate that she receives monthly rent of about $1,500, paid in cash by a person identified as "Alonzo" and by an unidentified business tenant. The combined rent is the Debtor's main source of income.

[federal] district court proceedings commenced and inviting district court review and rejection of those judgments.").

### III. Scope of the Automatic Stay

Mere possession of property by a debtor has been held to be sufficient for the automatic stay to prevent the property's owner from taking action to gain possession. *In re 48th Street Steakhouse,* 835 F.2d 427, 430 (2d Cir. 1987) ("Indeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay"); *In re Atl. Bus. and Cmty. Corp.,* 901 F.2d 325 (3d Cir. 1990) (following *48th Street*); *In re Convenient Food Mart No. 144, Inc.,* 968 F.2d 592, 594 (6th Cir. 1992) (same); *In re Di Giorgio,* 200 B.R. 664, 673 (C.D. Cal. 1996) (same). Here, there is no question that the Debtor is in possession of the House, so the automatic stay prevents Movant from seeking to evict her.

### IV. Relief From the Automatic Stay

The Court may grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d). Cause "is a discretionary determination made on a case-by-case basis." *Carbaugh v. Carbaugh (In re Carbaugh),* 278 B.R. 512, 525 (10th Cir. BAP 2002), citing *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987).

Movant seeks stay relief so it may return to state court and have the Writ of Assistance executed. When a party requests relief from the automatic stay to continue a pre-petition action against the debtor in a non-bankruptcy forum, the Court weighs the following so-called "*Curtis* factors:"

>   (1) whether the relief would result in a partial or complete resolution of the issues;
>   (2) the lack of any connection or interference with the bankruptcy case;

> (3) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
> (4) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
> (5) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;
> (6) the impact of the stay on the parties and the "balance of the hurt."
> (7) whether the foreign proceeding involves the debtor as a fiduciary;
> (8) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
> (9) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit;
> (10) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
> (11) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); and
> (12) whether the foreign proceedings had progressed to the point where the parties were prepared for trial.

*In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (citations omitted). *See also In re Jim's Maintenance & Sons, Inc.,* 418 Fed. Appx. 726, 728 (10th Cir. 2011) (unpublished) citing *In re Busch,* 294 B.R. 137, 141 (10th Cir. BAP 2003) (Noting that the *Curtis* factors "have been widely adopted by bankruptcy courts").

The Court finds that the *Curtis* factors weigh heavily in favor of granting the Motion. The Court finds that factors 1, 2, 4, 5, and 6 favor stay relief, while factors 3 and 7-12 are not relevant. None of the factors weigh against granting the relief sought.

Apart from the *Curtis* factors analysis, the Court finds there is cause to grant the requested relief. Section 362(g) provides the relevant burdens of proof:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>  (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>  (2) the party opposing such relief has the burden of proof on all other issues.

The Movant has made its prima facie case, demonstrating that it is the owner of the House and is not receiving any payment. The Debtor has not met her burden of proof on any relevant issues.

-11-

First, Movant's interest in the House is not being adequately protected. The Debtor is not paying rent, is not keeping the House insured, and is not paying property taxes. There is no evidence that the Debtor is properly maintaining the House.

Second, the Debtor has no equity in the House, and the House is not necessary for Debtor's reorganization, because no reorganization including the House is possible. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 375-76 (1988) (property must not only be essential to debtor's business, there must be a "reasonable possibility of a successful reorganization within a reasonable time."). There is no evidence that the Debtor wishes to buy the House, rent the House from Movant, or otherwise pay for her use of the House. The Debtor's continued use of the House, cost-free, for the indefinite future, cannot be a part of any viable reorganization plan.

Third, the Debtor's use of the automatic stay in this case seems to the Court to be an abuse. The Debtor stopped paying her mortgage years ago and has been occupying the House cost-free since that time. For a variety of reasons, including the Debtor's prior chapter 7 bankruptcy filing, the foreclosure process has been substantially delayed. Allowing the Debtor to stay in the House even longer would be wrong. Bankruptcy is designed to give an unfortunate but honest debtor a "fresh start," not allow individuals like the Debtor to game the system.[19]

Based on Movant's hearing exhibits, including the deeds showing the chain to title to the House from the special master to the Movant, Movant has carried its burden of proving that the Debtor has no equity in the House. The Debtor did not carry her burden of proof on the

---

[19] Giving the Debtor the benefit of every doubt, the Court has not been able to discern a colorable objection to the Motion. Had such an objection been presented, however obliquely, the Court would have given it careful consideration. The egregious facts of this case, however, combined with the lack of a good faith objection and the incoherence of the Debtor's filings, convinced the Court that prompt action on the Motion was warranted.

-12-

remaining issues; her 26 exhibits do not assist her. The Court finds against the Debtor on all issues relevant to stay relief.

V. Timing of Relief Under 11 U.S.C. § 362(e)(2)

11 U.S.C. § 362(e)(2) provides:

> (2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless--
>    (A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
>    (B) such 60-day period is extended--
>      (i) by agreement of all parties in interest; or
>      (ii) by the court for such specific period of time as the court finds
> is required for good cause, as described in findings made by the court.

If this provision were enforced, the automatic stay would have expired December 30, 2013. However, Movant did not notify the Court that the Motion had been filed or ask for a hearing until December 13, 2013. Similarly, the issue was not raised at the final hearing.[20] The Court therefore holds that Movant waived its right to enforce the 60-day deadline. *See, e.g., In re 2300 Xtra Wholesalers, Inc.,* 445 B.R. 113 (S.D.N.Y. 2011) (collecting cases showing that courts "have often found implied waiver by a party that belatedly asserts that a bankruptcy court failed to *sua sponte* lift the stay pursuant to section 362(e)"). In the alternative, per § 362(e)(2)(B)(ii) the Court for good cause extends the 60-day deadline until this Memorandum Opinion and accompanying order are entered.

---

[20] The Court's local rules deal with this issue for motions that are subject to § 362(e)(1), but are silent about motions governed by § 362(e). The revised local rules, currently in draft form, correct the omission. Until the revised rules are adopted, the Court will treat all motions governed by § 362(e)(2) as set forth above, i.e., the 60-day period will begin to run when a notice of preliminary hearing on the motion has been requested by the movant and issued.

-13-

## VI. Conclusion

The facts before the Court indicate that the Debtor filed this Chapter 11 case solely to further delay eviction from the House, where she has lived and worked for about five years without paying anything to the mortgagor and/or owner. During that time the House has generated substantial income for the Debtor. The Debtor has not filed a plan of reorganization, even though the case has been pending more than seven months. Debtor's income (apart from that generated by the House) is insufficient to pay Debtor's expenses, let alone fund a plan of reorganization. The Debtor's apparent misuse of the bankruptcy system should be stopped. The Motion will be granted. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered on Docket: February 19, 2014.

Copies to:

Melanie Milasinovich
422 Mission Road
Santa Fe, NM 87501

LeNatria Holly Jurist
20 First Plaza NW, Suite 602
Albuquerque, NM 87102

United States Trustee
P.O. Box 608
Albuquerque, NM 87103-0608