UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MELANIE MILASINOVICH,  No. 11-13-12294 TA

Debtor.

## MEMORANDUM OPINION

This matter came before the Court on April 4, 2014, for a scheduling conference on the U.S. Trustee's Motion to Dismiss this Chapter 11 Case. Ron Andazola appeared on behalf of the United States Trustee. The debtor Melanie Milasinovich did not appear. The Court has considered the motion to dismiss, has taken judicial notice of the Court's docket, and has reviewed the documents and record contained therein. Being sufficiently advised, the Court finds that the case should be dismissed with prejudice to refiling for 180 days.

I. FACTS

In June 2012 a New Mexico state district court entered an *in rem* judgment against the Debtor,[1] foreclosing her interest in a Santa Fe house.[2] The judgment found that the Debtor stopped paying the first mortgage on the House in 2009. The House was sold at public auction by the appointed special master, and the state court approved the sale. On August 30, 2012, title to the House was conveyed by the special master to Aurora Loan Services, LLC ("Aurora"), the second highest bidder at the sale. Debtor was the highest bidder, but did not pay the bid price.

---

[1] Judgment was *in rem* because Debtor had filed a Chapter 7 bankruptcy case during the pendency of the foreclosure action, and had received a discharge. The bankruptcy case was no. 10-12868 (the "2010 Chapter 7 Case").

[2] The house's street address is 422 Mission Road, Santa Fe, NM (the "House").

Aurora conveyed the House to Nationstar Mortgage, LLC ("Nationstar"), which conveyed the House to Federal National Mortgage Association ("FNMA"). FNMA recorded its deed to the House on November 9, 2012. It is the current owner.

FNMA was substituted as the plaintiff in the foreclosure action and obtained a writ of assistance to remove the Debtor from the House. The Debtor filed this Chapter 11 case on July 9, 2013, before the eviction could occur.

The Debtor's primary source of income during this bankruptcy case has been from renting the House to third parties. Thus, even though she no longer owns the House and has not paid on her mortgage for about five years, Debtor has been collecting rental income generated by the House.

Debtor's operating reports disclose that between 54% and 81% of her current monthly income is House rent. Debtor's Schedule I shows that 75% of her current monthly income is House rent.

Debtor is delinquent in filing operating reports. Reports for January and February 2014 are past due.

The Court modified the automatic stay on February 19, 2014, to allow FNMA to pursue its state court remedies to obtain possession of the House, including evicting Debtor if necessary.[3] Debtor did not attend the final hearing on FNMA's motion for stay relief.

The Debtor's motivations for filing this bankruptcy were to collaterally attack the state court foreclosure judgment and to delay eviction.

The Debtor has neither filed a plan of reorganization nor offered any evidence that a plan is forthcoming or possible.

---

[3] *See* Order Granting Relief from the Automatic Stay, doc. 91, and Order Denying Emergency Motion for Rehearing, doc. 114.

The Debtor has no reasonable likelihood of rehabilitation.  In the nine months this case has been pending, Debtor has given absolutely no indication that Chapter 11 reorganization is of any interest to her.  Now that the stay has been lifted on the House, there is no need for this case to continue.

Debtor does not appear to have sufficient income to fund a plan of reorganization. Debtor represented that she makes $500 per month as a private chef.  If so, without the House's rental income Debtor will have no money to make plan payments, and will have to pay rent besides.

The Debtor's only listed creditor is FNMA and its predecessors in interest.[4]

Throughout the pendency of this case, Debtor has filed documents that are incomprehensible, inflammatory, harassing, or contumacious.  A partial listing of the documents is set out in the Court's February 19, 2014, memorandum opinion, doc. 90, pp. 4-8.  These filings show a disregard for the Court, the law, civil procedure, intelligent discourse, and common decency.

Notice of the scheduling conference on the motion to dismiss was sent on March 17, 2014, to the Debtor at her home address (the House).  The Debtor did not appear at the scheduling conference, although she filed an objection to the motion.

The Debtor's failure to attend the scheduling conference and the final stay relief hearing, failure to file operating reports, failure to work diligently toward plan confirmation, and repeated filing of harassing and offensive documents, constitute a willful failure to appear before the court in proper prosecution of the case.

---

[4] These include Aurora (mortgage servicer and former House owner), Lehman Brother Bank FSB (mortgage owner), and Nationstar (former House owner).  For ease of reference all of the aforementioned entities, as their interests may appear, will be included in the defined term "FNMA."

-3-

## II. ANALYSIS

A. Section 1112(b) Dismissal or Conversion for "Cause."

Section 1112(b)(1)[5] provides: "[T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."

§ 1112(b)(4) lists 16 grounds that constitute "cause" for dismissal. The list is not exhaustive. *In re Melendez Concrete, Inc.,* 2009 WL 2997920, at 3 (Bankr. D.N.M. 2009), citing *In re AmriCERT, Inc.,* 360 B.R. 398, 401 (Bankr. D.N.H. 2007). *See also Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1987) (list of enumerated grounds are not exhaustive); *In re SB Props. Inc.*, 185 B.R. 198, 203 (E.D. Penn. 1995) (stating that the "legislative history of § 1112(b) confirms that what may constitute 'cause' is non-exhaustive.").

The Court has broad discretion to dismiss or convert a case. *In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993); *In re Dahlstrom,* 963 F.2d 382 (10th Cir. 1992) (unpublished); *In re Nordyke Ventures, LLC,* 2011 WL 808193 (Bankr. D. Kan. 2011).

B. Cause Exists to Dismiss or Convert the Case.

1. There Is No Reasonable Prospect of Confirming a Plan of Reorganization.

"[T]he bankruptcy court may dismiss or convert a Chapter 11 case if the debtor is unable to effectuate a plan, which means that the debtor lacks the ability to formulate a plan or to carry one out." *Hall*, 887 F.2d at 1044. *Hall* was decided under the pre-BAPCPA version of § 1112(b), which included among the grounds for "cause" the "inability to effectuate a plan." Despite the removal of this language in 2005, courts continue to hold that inability to effectuate a plan is cause for dismissal. *See In re Brooks*, 488 B.R. 483, 490 (Bankr. N.D. Ga. 2013) ("a debtor's

---

[5] All statutory references are to 11 U.S.C.

-4-

inability to accomplish substantive progress toward confirmation inherently carries the risk of unreasonable and undue delay, which is nearly always prejudicial toward creditors, and which is adequate justification, in and of itself for dismissal of a Chapter 11 case for cause."); *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011) (inability to effectuate a plan is also "cause" for dismissal); *In re Wahlie*, 417 B.R. 8, 12 (Bankr. N.D. Ohio 2009) (whether the debtor will be able to have a Chapter 11 plan of reorganization confirmed is a useful indicator of whether cause for dismissal exists).

In this case, the Debtor listed only one creditor, FNMA. She has no liability to FNMA, however; it is just the owner of the House. Debtor cannot restructure her former mortgage debt because that was extinguished by the foreclosure sale of the House. Thus, there are no claims to be administered in this case, so no plan of reorganization is needed or possible.[6]

Further, the Debtor's primary source of income—the House—will no longer be in her possession in the future. There will thus be insufficient income to pay for living expenses, let alone plan payments. This is especially true because, presumably, the Debtor will have to begin paying for housing, an expense she has not had since 2009.

Debtor's lack of creditors, lack of income, and lack of progress toward plan confirmation force the Court to conclude that the Debtor cannot effectuate a plan. This constitutes cause for dismissal.

    2.    <u>Debtor Filed This Case to Collaterally Attack the State Court Foreclosure Judgment</u>. In *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010), the debtor had fully litigated and lost a foreclosure battle against the secured lender in state court. The debtor then filed a

---

[6] Despite not being listed in the Debtor's schedules, Capital One Bank (USA), N.A. filed a proof of claim in this case for $1,364.90, based on an account opened by the Debtor on January 21, 2012. This single, small claim does not change the analysis.

Chapter 11 case. The court dismissed the case, holding: "Using a chapter 11 case as a platform to attack final orders of other courts constitutes 'Other Cause.'" *Id.* at 63.

The facts in *Van Eck* are very similar to those in this case, and the holding clearly is correct. *See also In re Springs Hospitality, Inc.*, 2006 WL 2458679 at *7 (finding that the filing of the bankruptcy was not a valid tactic to keep the business healthy while dealing with litigation issues, rather "it is merely a way to fight over the same issues in another location."). Debtor's filings in this case do not reflect an effort to reorganize, but rather to relitigate the state court foreclosure action. Such a misuse of the bankruptcy process constitutes cause for dismissal.

        3.    <u>The Case Was Filed in Bad Faith</u>. "[L]ack of good faith may constitute 'cause' under § 1112(b)." *In re Dahlstrom*, 963 F.2d 382, at *2 (10th Cir. 1992) (unpublished), citing *In re Jartran, Inc.,* 886 F.2d 859, 867 (7th Cir. 1989). *See also In re Pacific Rim Investments, LLP,* 243 B.R. 768, 771 (D. Colo. 2000); *In re Copperas Creek, LLC*, 2012 WL 3061477, at *4 (Bankr. D.N.M. 2012) (noting that bad faith in filing a petition can constitute 'cause' for dismissal under 11 U.S.C. § 1112(b)).

In determining whether good faith exists, the fact-intensive inquiry requires a bankruptcy court to determine where the debtor's "petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." *In re SGL Cabron Corp.,* 200 F.3d 154, 162 (3rd Cir. 1999). This fact-intensive inquiry can involve the following factors:

> (i) whether the petition serves a valid bankruptcy purpose such as by preserving a going concern or maximizing the value of the debtor's estate; (ii) whether the petition is filed merely to obtain a tactical litigation advantage; (iii) whether the debtor's financial problems involve essentially a dispute between the debtor and secured creditors that can be resolved in the pending state court litigation; (iv) whether it is a single asset case, (v) whether there are one or a very few unsecured creditors, (vi) whether there is no ongoing business or employees; (vii) whether the pre-petition conduct of the debtor has been improper; and (viii) whether the case is filed to evade one or more court orders.

*Copperas Creek*, 2012 WL 3061477 at *5.

In this case, the Court weighs the factors as follows:

| Factor | Indicates good faith | Indicates bad faith | Comment |
|---|---|---|---|
| Whether the petition serves a valid bankruptcy purpose such as by preserving a going concern or maximizing the value of the debtor's estate; | | X | The petition serves no valid bankruptcy purpose; |
| Whether the petition is filed merely to obtain a tactical litigation advantage; | | X | The petition was filed to gain a tactical litigation advantage (either delay or collateral attack on the state court foreclosure judgment); |
| Whether the debtor's financial problems involve essentially a dispute between the debtor and secured creditors that can be resolved in the pending state court litigation; | | X | It is essentially a two-party dispute between the owner of the House and a former owner who refuses to leave; |
| Whether it is a single asset case; | | X | This is essentially a single-asset case (the House), even though Debtor no longer owns it. The remaining property is of little value, is exempt, and is not why Debtor filed the case; |
| Whether there are one or a very few unsecured creditors; | | X | There is one small creditor; |
| Whether there is no ongoing business or employees; | | X | There are no employees. It is unclear the extent to which, if any, Debtor operates her private chef business from the House, but there can be no substantial "ongoing business" if the gross revenue is $500 per month; |
| Whether the pre-petition conduct of the debtor has been improper; | | X | Debtor's pre-petition conduct in refusing to vacate the House after losing ownership was improper; |
| Whether the case is filed to evade one or more court orders. | | X | The case was filed to evade the state court foreclosure judgment and FNMA's writ of assistance. |

All the factors weigh against the Debtor and in favor of a bad faith finding. Furthermore, the Debtor's outrageous, often incomprehensible court filings strongly indicate bad faith.

-7-

Overall, the Court finds that the case was filed in bad faith, an additional, independent cause for dismissal.

        C.        <u>No Unusual Circumstances Exist to Prevent Dismissal or Conversion</u>.

Section 1112(b)(2) provides: "The court may not convert a case . . . or dismiss a case . . . if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate . . . ." If such unusual circumstances are specifically identified a party in interest must then establish that "there is a reasonable likelihood that a plan will be confirmed within the [applicable time periods or] within a reasonable period of time; and the grounds for converting or dismiss the case include an act or omission of the debtor . . . for which there exists a reasonable justification . . . and that will be cured within a reasonable period of time fixed by the court." § 1112(b)(2)(A) and (B). Here, there are no such unusual circumstances. Even if there were, there is no reasonable likelihood that any plan could be confirmed within a reasonable time, or ever.

        D.        <u>Dismissal, Rather Than Conversion, Is Appropriate</u>.

Having established that cause exists and that no unusual circumstances are present, the Court must determine whether dismissal or conversion is in the best interests of creditors and the estate. The Debtor obtained a discharge in her 2010 Chapter 7 Case. In this case, Debtor listed creditors other than FNMA, who is not a creditor but the owner of the House. Thus, Debtor has no debts to discharge. Even if she had, furthermore, Debtor's owns no non-exempt assets a trustee could liquidate. Accordingly, dismissal of this case, rather than conversion, is appropriate.

        E.        <u>Debtor's Willful Failure to Appear is Grounds to Dismiss the Case With Prejudice</u>.

Section 349(a) provides:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed, nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

Section 109(g)(1) provides in part:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title any time in the preceding 180 days if—

    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

    . . . .

Based in these sections of the Bankruptcy Code, Debtor would be prevented from filing a new bankruptcy case for 180 days if the Court were to find that she willfully failed to appear before the court in proper prosecution of the case. *See In re Frieouf,* 938 F.2d 1099 (10th Cir. 1991). Repeated failure to appear or work toward plan confirmation constitutes willful conduct of the kind described in § 109(g)(1). *In re Lee*, 467 B.R. 906, 919 (6th Cir. BAP 2012), citing *In re Nelkovski*, 46 B.R. 542, 544 (Bankr. N.D. Ill. 1985).

Debtor did not appear for the final hearing on FNMA's stay relief motion, nor for the scheduling conference on the U.S. Trustee's motion to dismiss. Debtor also stopped filing her required monthly operating reports. She shows no interest in filing or seeking confirmation of a plan. She has no creditors and no non-exempt assets. Taken together, these facts indicate the Debtor has willfully failed to appear and to prosecute this case appropriately, providing cause to dismiss the case with prejudice to refiling for 180 days. The Court so finds. To the extent Debtor's bad faith in filing and prosecuting this case constitutes additional grounds under

§ 109(g), the Court also so finds. The dismissal of this case therefore shall be with prejudice to refiling for 180 days.

### III. CONCLUSION

Debtor filed this case after she lost her house to foreclosure. The sole purposes of the case were to delay eviction and to ask this Court to overturn the state court's foreclosure judgment. Neither is a good faith use of bankruptcy. Her court filings in the case have complicated matters and brought her lack of good faith into sharp focus. Given all of the facts of the matter, the Court concludes that the case should be dismissed for cause, including bad faith, with prejudice to refiling for 180 days.

An order consistent with this Memorandum Opinion will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: April 11, 2014.

Copies to:

Melanie Milasinovich
422 Mission Road
Santa Fe, NM 87501

Ronald Andazola
Assistant US Trustee
P.O. Box 608
Albuquerque, NM 87103-0608